EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| MAPFRE PRAICO por sí y en representación de First Bank y Julio Rodríguez Rivera<br><br>        Peticionario<br><br>                v.<br><br>Estado Libre Asociado de Puerto Rico y Superintendente de la Policía<br><br>        Recurrida | Certiorari<br><br>2013 TSPR 56<br><br>188 DPR ____ |

Número del Caso: CC-2012-396

Fecha: 13 de mayo de 2013

Abogado de la Parte Peticionaria:

        Lcdo. Luis Rivera Martínez

Oficina del Procurador General:

        Lcdo. Luis Román Negrón
        Procurador General

        Lcda. Lizzette Mejías Avilés
        Procuradora General Auxiliar

Materia: Ley de Confiscaciones – Legitimación activa de las entidades bancarias para presentar demanda de impugnación de confiscación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

MAPFRE PRAICO por sí y en representación de First Bank y Julio Rodríguez Rivera

        Peticionario

            v.

Estado Libre Asociado de Puerto Rico y Superintendente de la Policía

        Recurrida

Certiorari

CC-2012-0396

Opinión del Tribunal emitida por el Juez Asociado señor Rivera García.

En San Juan, Puerto Rico a 13 de mayo de 2013.

Este recurso de *certiorari* nos permite aplicar por primera vez las enmiendas que la Ley Núm. 262-2012 introdujo a la Ley Uniforme de Confiscaciones de 2011[1]. La compañía aseguradora Mapfre Praico Insurance Co., (peticionaria) por sí y en representación de la institución bancaria First Bank y del Sr. Julio Rodríguez Rivera, comparece mediante recurso de *certiorari* y solicita que revoquemos una sentencia emitida el 4 de abril de 2012 por el Tribunal de Apelaciones. Mediante el referido dictamen, el foro intermedio entendió que a la luz de la Ley Uniforme de Confiscaciones de 2011,

---

[1] Ley Núm. 119-2011, 34 L.P.R.A. sec. 1724, *et seq*.

según vigente en ese momento, las entidades bancarias no poseían legitimación activa para presentar una demanda sobre impugnación de confiscación. Así también, resolvió que como requisito para que una compañía aseguradora pudiera presentar una demanda de ese tipo, era necesario que prestara una garantía por el importe de la tasación de la propiedad incautada. De esta forma, revocó una resolución dictada el 23 de enero de 2012 por el Tribunal de Primera Instancia, Sala de Fajardo, que se negó a desestimar una demanda de impugnación de confiscación presentada por la peticionaria contra el Gobierno de Puerto Rico.

Luego de examinar el recurso, el 29 de junio de 2012 decidimos expedir el auto solicitado. Mientras este se perfeccionaba, entró en vigor la Ley Núm. 262, *supra*, que introdujo cambios significativos a la Ley Uniforme de Confiscaciones de 2011, *supra*. En consecuencia, y en consideración al nuevo estado de Derecho, revocamos el dictamen recurrido y devolvemos el caso al foro de primera instancia para que continúen los procedimientos judiciales según lo aquí resuelto.

I

Los hechos que dieron origen a este caso son relativamente sencillos. El 11 de septiembre de 2009 el Sr. Julio Rodríguez Rivera (señor Rodríguez Rivera) adquirió mediante compraventa un vehículo de motor marca Toyota modelo FJ Cruiser, transacción que financió First

Bank.[2] Como garantía de la obligación contraída, quedó inscrito en el registro de vehículos de motor del Departamento de Transportación y Obras Públicas un gravamen sobre el automóvil a favor de la entidad bancaria.[3] A su vez, el señor Rodríguez Rivera obtuvo una póliza de seguro de la compañía Mapfre Praico Insurance Co. (Mapfre) que incluyó un endoso de confiscación, en el cual First Bank figuró como beneficiaria. Así las cosas, trascendió que el 12 de agosto de 2011 la Policía de Puerto Rico ocupó, para su posterior confiscación, el vehículo de motor del señor Rodríguez Rivera. El Estado alegó que este fue utilizado para la comisión de varios delitos en violación a la Ley de Sustancias Controladas de Puerto Rico[4] y a la Ley de Armas.[5]

Tras notificarse la confiscación, la peticionaria, por sí y en representación de First Bank y del titular, incoó el 30 de septiembre de 2011 ante el Tribunal de Primera Instancia, una demanda de impugnación de confiscación contra el Gobierno de Puerto Rico, el Secretario de Justicia y el Superintendente de la Policía.[6] En respuesta, el Estado presentó una moción de desestimación y adujo que la peticionaria carecía de legitimación activa para presentar esa acción.[7] En cuanto a First Bank, su contención fue que conforme al Art. 15 de

---

[2] Apéndice del Alegato de la parte peticionaria, págs. 27-28.
[3] Íd., pág. 29.
[4] Ley Núm. 4 de 23 de junio de 1971, 24 L.P.R.A. sec. 2101, *et seq.*
[5] Ley Núm. 404-2000, 25 L.P.R.A. sec. 455, *et seq.*
[6] Apéndice de la petición de *certiorari,* pág. 28.
[7] Íd., pág. 32. En la moción el Estado hizo mención de que comparecía sin someterse a la jurisdicción del Tribunal.

la Ley Uniforme de Confiscaciones de 2011[8] -según vigente en esa fecha- solo tendría legitimación activa para demandar quien demostrara que era dueño de la propiedad, que ejercía control y dominio sobre la misma, y que tal dominio había sido adquirido antes de los hechos que motivaron la confiscación. Sostuvo que a la luz de lo resuelto en Negrón v. Srio. de Justicia, 154 D.P.R. 79 (2001), una institución financiera no se podía considerar como dueña de un vehículo, aun cuando poseyera un gravamen sobre el mismo. Por otro lado, esbozó que Mapfre carecía de legitimación para comparecer en nombre del señor Rodríguez Rivera, ya que el Art. 16 de la citada legislación[9] requería la prestación de una fianza por el valor del vehículo confiscado como condición para que una compañía aseguradora pudiera presentar una demanda de impugnación de confiscación en representación del dueño del automóvil.

Ante tales planteamientos, la peticionaria arguyó que cuando expidió la póliza de seguro a nombre del señor Rodríguez Rivera estaba en vigor la hoy derogada Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de julio de 1988.[10] Por ello, puntualizó que al amparo de esa legislación le asistía el derecho a presentar una demanda de impugnación de confiscación para hacer valer el interés legal que ostentaba sobre la propiedad incautada. En

---

[8] 34 L.P.R.A. sec. 1722l. Como explicaremos más adelante, esta disposición fue enmendada en septiembre de 2012.
[9] 34 L.P.R.A. sec. 1724 m.
[10] Apéndice de la petición de certiorari, pág. 40.

virtud de esto, argumentó que la Ley Uniforme de Confiscaciones de 2011, *supra*, era inconstitucional por menoscabar sus obligaciones contractuales, lesionar derechos adquiridos bajo la anterior legislación y no garantizar un debido proceso de ley. Así también, señaló que el Art. 16 del referido estatuto le concedía al titular del vehículo de motor el derecho de prestar una garantía de modo que pudiera recuperar la propiedad ocupada y que ello no debía interpretarse como una condición *sine qua non* para que la aseguradora pudiera impugnar una confiscación.

Atendida la solicitud de desestimación, y sin entrar a considerar la constitucionalidad de la Ley Uniforme de Confiscaciones de 2011, *supra,* el Tribunal de Primera Instancia resolvió que la peticionaria poseía legitimación activa para reclamar su derecho sobre la propiedad confiscada. En consecuencia, el foro primario razonó que tanto Mapfre como First Bank eran partes indispensables en ese pleito.

Inconforme con ese proceder, la Oficina del Procurador General, en representación del Estado, compareció ante el Tribunal de Apelaciones mediante un recurso de *certiorari* y solicitó que se revocara la resolución y se desestimara la demanda.[11] Luego de

---

[11] El Estado señaló los siguientes errores:

Erró el Tribunal de Primera Instancia al denegar la solicitud de desestimación presentada por el Estado basada en la falta de legitimación activa de la aseguradora y la entidad financiera.

analizar el estatuto en controversia, el foro apelativo intermedio revocó la resolución emitida por el Tribunal de Primera Instancia y desestimó la demanda de impugnación de confiscación que había presentado Mapfre. Razonó que el derecho vigente en ese entonces exigía tres requisitos para que una persona pudiera presentar una demanda de impugnación de confiscación, a saber: que fuera notificada sobre la confiscación; que demostrara ser el dueño de la propiedad confiscada; y, que demostrara que ejercía control y dominio sobre esta antes de la incautación. En ese sentido, coligió que ni la entidad financiera ni la aseguradora cumplían con esas exigencias. Por otro lado, esgrimió que Mapfre, como compañía aseguradora, podía presentar la demanda únicamente en representación del dueño, pero que esta no cumplió con los requisitos para ello porque no consignó la garantía exigida por la ley. En consecuencia, estimó que la demanda no se perfeccionó dentro del término provisto y procedió a desestimarla.

No conteste con ese curso decisorio, la peticionaria acudió ante esta Curia y presentó el recurso de *certiorari* de epígrafe, señalando que:

---

Erró el Tribunal de Primera Instancia al denegar la solicitud de desestimación presentada por el estado basada en el incumplimiento con el requisito de prestación de fianza para perfeccionar la demanda presentada por la aseguradora en representación del dueño del vehículo confiscado.

Erró el Tribunal de Primera Instancia al determinar que la aseguradora y la entidad financiera eran partes indispensables. Apéndice de la petición de *certiorari,* pág. 62.

> **Erró el Honorable Tribunal de Apelaciones al desestimar la demanda al determinar que los demandantes no poseen legitimación activa por no ser dueños ni ejercer control y dominio sobre la propiedad.**
>
> **Erró el Honorable Tribunal de Apelaciones al determinar que los demandantes tenían que prestar fianza al momento de presentar la demanda de impugnación de confiscación.**

Poco tiempo después, el Estado compareció y expuso que coincidía con la parte peticionaria en cuanto a que este Tribunal debía expedir el auto solicitado para pautar la norma aplicable a esta controversia y manifestó su posición en cuanto a la misma.[12] Como adelantamos, el 29 de junio de 2012 expedimos el auto solicitado. Así las cosas, el 2 de octubre compareció el Procurador General y nos informó que el 19 de septiembre de ese año la Asamblea Legislativa aprobó la Ley Núm. 262-2012, medida que alteró parte del esquema de la Ley Uniforme de Confiscaciones de 2011, *supra*.

Con el beneficio de la comparecencia de las partes, y ante los nuevos postulados legislativos atinentes al mecanismo de confiscaciones de propiedad vehicular por parte del Estado, pasamos a resolver la controversia que nos ocupa.

## II

Como es sabido, la confiscación es un procedimiento estatutario que actúa como una sanción penal adicional contra los criminales. Coop. Seg. Múlt. v. E.L.A., 180

---

[12] Véase escrito presentado por el Estado el 21 de mayo de 2012, titulado "Posición del Estado respecto a los argumentos expuestos en la petición de certiorari del epígrafe".

D.P.R. 655, 664 (2011). Una de las modalidades de ese proceso es de naturaleza penal, dirigido contra la persona imputada de delito. *Íd.* En ese procedimiento *in personam* si el imputado resulta culpable de la comisión del delito, la sentencia incluirá como sanción la confiscación de la propiedad incautada. *Íd.* Por otro lado, existe otra modalidad confiscatoria de carácter *in rem* distinta y separada del proceso *in personam*. Es decir, una acción civil que se dirige contra la cosa misma y no contra el dueño de la propiedad, poseedor, encargado, o cualquier otra persona con interés legal sobre el bien. B.B.V. v. E.L.A., 180 D.P.R. 681, 686 (2011). Debido a lo anterior, cuando alguien que ostenta algún interés legal sobre un automóvil lo ha puesto voluntariamente en posesión de otra persona, y esta lo utiliza para propósitos delictivos, "su derecho corre la suerte del uso al que el infractor someta el vehículo". *Íd.* Como explicaremos más adelante, esta acción estatal puede ser impugnada por quienes aleguen poseer un interés legal sobre la propiedad ocupada.

A. Requisitos para presentar una demanda de impugnación de confiscación

A través de los años, se han aprobado varias legislaciones que han atendido los asuntos relacionados a la ocupación y la confiscación de propiedades que han sido utilizadas con propósitos delictivos. Debido a la naturaleza de este procedimiento, esos estatutos han dispuesto los mecanismos necesarios a fin de salvaguardar los derechos constitucionales de las personas con interés

legal sobre los bienes confiscados. <u>B.B.V. v. E.L.A.</u>, supra, pág. 687. Esto es, brindarle la oportunidad de comparecer al tribunal para que presenten y demuestren las defensas válidas que tengan contra el Estado, si alguna. <u>Negrón v. Srio. De Justicia</u>, supra, pág. 87. En otras palabras, la oportunidad de ser oído. *Íd.*

En ese sentido, la ya derogada Ley Uniforme de Confiscaciones de 1988[13], supra, establecía en su Art. 4 que el funcionario que efectuó la ocupación debía notificar dentro de los quince (15) días siguientes el hecho de la confiscación a la dirección conocida del "dueño, encargado o persona con derecho o interés en la propiedad ocupada".[14] De esta forma, las personas notificadas podían impugnar la confiscación dentro de los quince (15) días siguientes a la fecha del recibo de la notificación.[15] Al interpretar esa disposición, mencionamos que si el Estado confiscaba un vehículo de motor, la agencia concernida debía notificar ese hecho al dueño, según constara en el registro de vehículos del Departamento de Transportación y Obras Públicas, y al acreedor condicional que a la fecha de la ocupación hubiese presentado su contrato para archivarlo en el registro. <u>B.B.V. v. E.L.A.</u>, supra, pág. 687.

---

[13] Esta ley derogó la Ley Núm. 39 de 4 de julio de 1960, según enmendada, mejor conocida como la "Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones".
[14] 34 L.P.R.A. ant. sec. 1723b.
[15] Art. 8 de la derogada Ley Uniforme de Confiscaciones de 1988, 34 L.P.R.A. ant. sec. 1723f.

Ahora bien, la Ley Uniforme de Confiscaciones de 1988, *supra*, fue objeto de varias enmiendas e interpretaciones judiciales, que, a juicio de la Asamblea Legislativa, causaron confusión en su implantación. Véase: Exposición de Motivos de la Ley Núm. 119-2011, P. del S. 897, 16^(ta) Asamblea, 5^(ta) Sesión Ordinaria. Tales inconsistencias afectaron los procesos de confiscación provocando a su vez la pérdida de recursos. *Íd.* Así, con el propósito de establecer un trámite expedito, justo y uniforme para la confiscación de bienes por parte del Estado, se derogó la Ley Uniforme de Confiscaciones de 1988, *supra*, mediante la promulgación de la Ley Uniforme de Confiscaciones de 2011. *Íd.* Esta nueva medida intentó evitar que los "tribunales continu[aran] congestionados por las demandas incoadas para impugnar las confiscaciones efectuadas". *Íd.*, pág. 1.

Es menester señalar que la agilización de los procedimientos confiscatorios no fue el único objetivo de esta nueva legislación. De igual forma, se aspiró a salvaguardar los derechos constitucionales de los dueños de los bienes confiscados, específicamente, el mandato constitucional que emana del Art. II, Sec. 7 de la Constitución de Puerto Rico[16] que reconoce el derecho al disfrute de la propiedad y a que ninguna persona sea privada de tal prerrogativa sin un debido proceso de ley. En cuanto a esto último, la Ley Uniforme de Confiscaciones

---

[16] Art. 2, Sec. 7, Const. E.L.A., L.P.R.A. Tomo 1.

de 2011, supra, fue enfática al establecer quiénes estarían autorizados a reclamarle al Estado la ilegalidad de una confiscación.

Con ese objetivo, el Art. 13 de la Ley Uniforme de Confiscaciones de 2011 estableció quienes debían ser notificados sobre la confiscación. El Director Administrativo de la Junta de Confiscaciones vendría obligado a notificar, entre otras, a las siguientes personas:

> a) a la persona que tuviere la posesión física del bien al momento de la ocupación;
>
> b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;
>
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;
>
> d) (…)[17]

Esa notificación resultaba imprescindible para que las personas allí enumeradas pudieran acudir al foro competente y presentar contra el Estado sus alegaciones y defensas en cuanto a la confiscación. Referente a ese procedimiento, el Art. 15 dispuso lo siguiente:

> Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico y el funcionario

---

[17] 34 L.P.R.A. sec. 1724j (Como se explicara más adelante, esta disposición fue enmendada por la Ley Núm. 269-2012).

que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda.

(….)

Si bien la Ley aclaró los requisitos que debía cumplir cada individuo para impugnar una confiscación, el legislador acotó claramente que entre esos requisitos, como en cualquier otra reclamación civil, todo demandante tenía que poseer legitimación activa para incoar su reclamo. Véase: Exposición de la Ley Núm. 119-2011, supra, págs. 1-2. Esto pues, la referida medida no era un sinónimo de "extender una carta abierta para que toda persona con algún interés en la propiedad confiscada pu[diera] presentar una demanda". *Id.* A ese tenor, el Art. 15 de la Ley Uniforme de Confiscaciones dispuso lo siguiente:

> Presentada la contestación a la demanda, el Tribunal ordenará una vista sobre legitimación activa para establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación. De no cumplir con este requisito, el Tribunal ordenará la desestimación inmediata del pleito.[18]

De lo previamente discutido podemos apreciar que la Ley Uniforme de Confiscaciones de 2011, *supra,* ordenó que se notificara el hecho de la confiscación a las "personas con derecho o interés en la propiedad". Asimismo, delineó que las "personas notificadas" y que "demostraran ser dueños" del bien incautado tendrían el derecho de impugnar

---

[18] 34 L.P.R.A. sec. 1724l (Como se explicara más adelante, esta disposición fue enmendada por la Ley Núm. 269-2012).

la confiscación en caso de entenderlo necesario. En cuanto a esto último, la Exposición de Motivos de la ley expresó que la definición de dueño de la propiedad giraría en torno a la identidad del individuo que ejercía dominio y control sobre la misma antes de la confiscación. A esos efectos, la ley dispuso la celebración de una vista para determinar si los demandantes poseían legitimación activa, en la que estos tendrían que demostrar que ejercían dominio y control sobre el bien antes de que se configurara la confiscación. Empero, la Ley Uniforme de Confiscaciones de 2011 no definió con precisión quienes se consideraban "dueños" de la propiedad confiscada, a pesar de reconocer el derecho de notificación a las personas con interés legal sobre la misma. Esa situación provocó interrogantes en cuanto a si las compañías aseguradoras y entidades financieras podían presentar ese tipo de demanda para defender el interés que ostentaban sobre bienes confiscados.

Con el propósito de clarificar esa incertidumbre, la Asamblea Legislativa promulgó la Ley Núm. 262-2012, la cual enmendó la Ley Uniforme de Confiscaciones de 2011, *supra*, en ciertos extremos. Una de las enmiendas fue para incorporar y definir qué personas se considerarían dueños de la propiedad confiscada, esto, a la luz de la normativa jurisprudencial federal y local. De esa manera, se reconoció el interés propietario de los acreedores que poseen un gravamen sobre el bien confiscado. Véase:

Exposición de Motivos, Ley Núm. 262-2011, P. de la C. 3677, 16$^{ta}$ Asamblea, 7$^{ma}$ Sesión Ordinaria, pág. 2. En cuanto a esto, el legislador apuntó lo siguiente:

> (…) la Ley 119 no establece con claridad que los acreedores garantizados por un bien sujeto a incautación poseen un "interés propietario" en dicho bien que de acuerdo a la jurisprudencia vigente les convierte en un "dueño inocente" a los cuales se extienden las garantías constitucionales antes expresadas. Del Toro Lugo v. Estado Libre Asociado de Puerto Rico, 136 D.P.R. 973 (1994); First Bank, Universal Insurance Company v. Estado Libre Asociado de Puerto Rico, 156 D.P.R. 77 (2002). Es decir, lo que no logra la Ley es parear el reconocimiento que se da a aquellas personas con interés en la propiedad como hemos apuntado, y el reclamo legítimo que pudieran hacer éstos por sí mismos. Exposición de Motivos, Ley Núm. 262-2011, supra, pág. 1.

En ese aspecto, la Ley Núm. 262-2012 enmendó el Art. 15 de la Ley Uniforme de Confiscaciones de 2011 para que lea como sigue:

> Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda.
> (……..)
>
> Presentada la contestación a la demanda, el Tribunal ordenará una vista sobre legitimación activa para establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación. De no cumplir con este requisito, el Tribunal ordenará la desestimación inmediata del pleito.

**Para fines de esta Ley se considerará "dueño" de la propiedad una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario.** (Énfasis suplido)

De su texto se desprende que esta legislación entró en vigor inmediatamente luego de su aprobación y su aplicación fue retroactiva al 12 de julio de 2011, fecha de aprobación de la Ley Uniforme de Confiscaciones de 2011.[19]

B. Requisito de prestar una garantía para presentar una demanda de impugnación de confiscación

El Art. 16 de la Ley Uniforme de Confiscaciones de 2011, *supra*, estableció que dentro de los veinte días siguientes a la presentación de la demanda de impugnación de confiscación el demandante tendría derecho a prestar una garantía a favor del Estado por el importe de la tasación de la propiedad confiscada. Consignada la garantía, el bien incautado sería devuelto al consignatario. Añadió además, que en aquellos casos en que los vehículos de motor ocupados tuvieran una póliza de seguro que incluyera un endoso de confiscación, la compañía aseguradora solo podría presentar una demanda de impugnación en representación del dueño del vehículo, para lo cual tendría que prestar la fianza mencionada.

Ahora bien, la Ley Núm. 262-2012, *supra*, eliminó los requisitos de garantía que la Ley de Uniforme de Confiscaciones de 2011 le impuso a las compañías

---

[19] Sección 3 de la Ley Núm. 269-2012.

aseguradoras. La Asamblea Legislativa entendió que al presentar una demanda de impugnación de confiscación, tales entidades –como cesionarias de un derecho propietario sobre un bien confiscado- debían estar sujetas a los mismos requisitos que les aplicaban a las demás personas que conforme a la ley tenían derecho a impugnar una confiscación. Véase: Exposición de Motivos de la Ley Núm. 262-2012, *supra*. Consiguientemente, se enmendó el Art. 16 de la Ley de Confiscaciones de 2011 para que lea como sigue:

> Dentro de los veinte (20) días de presentada la impugnación, el demandante tendrá derecho a prestar una garantía a favor del Estado Libre Asociado de Puerto Rico ante el Secretario del Tribunal correspondiente, a satisfacción del Tribunal, por el importe de la tasación de la propiedad confiscada. Dicha garantía podrá ser en moneda legal, cheques certificados o por compañías de fianza. Consignada la garantía y aprobada por el Tribunal, la Junta, previa orden judicial, devolverá a la persona que consigna, la propiedad confiscada.
> Una vez consignada la garantía, no se permitirá la posterior sustitución de las propiedades confiscadas en lugar de la garantía, la cual responderá por la confiscación si la legalidad de ésta fuera sostenida. En la resolución que dicte a estos efectos, el Tribunal deberá disponer sobre la ejecución sumaria de dicha garantía por el Secretario del Tribunal y su ingreso en el Fondo Especial, en el caso de que sea en moneda legal o en cheques certificados. Las garantías procedentes de compañías de seguro serán remitidas por el Secretario del Tribunal correspondiente al Secretario de Justicia, para el trámite de su ejecución. El producto de esta ejecución ingresará en el Fondo Especial, según establecido en esta Ley.

Como se aprecia, quedó excluida la anterior disposición de ese estatuto que establecía que una compañía aseguradora solo podía presentar una demanda de

impugnación de confiscación en representación del dueño del vehículo, tras consignar una garantía.

III

En el presente caso, Mapfre presentó en septiembre de 2011 una demanda de impugnación de confiscación en representación de First Bank y del señor Rodríguez Rivera, dueño del vehículo. Para esa fecha había entrado en vigor la Ley Uniforme de Confiscaciones de 2011 que impuso ciertos requisitos a los fines de permitir que las personas afectadas por una confiscación pudieran reclamar al Estado la validez de esa acción. Conforme a esa disposición, el Estado impugnó ante el foro primario la legitimación activa tanto de Mapfre como de First Bank. Llegada la controversia al Tribunal de Apelaciones, ese foro desestimó la demanda al interpretar que la referida legislación no le confería a la parte aquí peticionaria capacidad para demandar.

Como vimos, uno de los propósitos de la Ley Uniforme de Confiscaciones de 2011, *supra*, fue aclarar los requisitos que debía cumplir cada individuo para impugnar una confiscación. Relacionado a esto, la Exposición de Motivos de la referida ley expresó que entre esos requerimientos, "como en cualquier otra reclamación civil, todo demandante t[enía] que poseer legitimación activa para incoar su reclamo". Véase, Exposición de Motivos de la Ley Núm. 119-2011, *supra*. Ante ello, la Ley Núm. 262 dejó inalterada la disposición del Art. 15 de la Ley

Uniforme de Confiscaciones de 2011 que establecía que una vez presentada la contestación a la demanda de impugnación de confiscación, el Tribunal debía ordenar una vista sobre legitimación activa para establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación.

Es conocido que en todo pleito, además de capacidad para demandar, la parte interesada deberá demostrar que tiene un interés legítimo. Entendiéndose, pues, la legitimación o acción legitimada como la facultad de poder comparecer y actuar en un juicio como demandante, demandado, tercero, o en representación de cualquiera de ellos. De esta forma, es requisito poseer legitimación activa para figurar como demandante y legitimación pasiva para ser demandado. Álvareztorre Muñíz v. Sorani Jiménez, 175 D.P.R. 398, 420 (2009). En cuanto a este concepto, el Profesor Hernández Colón nos ilustra al expresar que la legitimación activa, o simplemente legitimación, es "la razón jurídica que asiste a la parte actora para comparecer ante el tribunal y obtener una sentencia vinculante". R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta Ed., San Juan, Lexis Nexis de Puerto Rico Inc., 2010, sec. 1002, pág. 109. Así, la legitimación del promovente se exige en todo proceso judicial. Id, pág. 110.

De otra parte, en Asoc. Res. Est. Cidra v. Future Dev., 152 D.P.R. 54, 67-68 (2000), citando a los

CC-2012-0396

tratadistas Wright y Miller, expresamos que en el ámbito de derecho público, cuando una parte impugna una actuación gubernamental, el análisis de determinar si el peticionario es la parte adecuada para entablar la reclamación se realiza en términos de la doctrina de autolimitación judicial conocida como legitimación activa o *standing*.[20] En cuanto a esto, la norma jurisprudencial ha hilvanado los aspectos que se deben evaluar afín de determinar si una parte posee legitimación activa. Reiteradamente hemos enunciado que para ello el demandante o promovente debe haber sufrido un daño claro y palpable, no abstracto ni hipotético. Además, es menester que exista una relación causal razonable entre la acción que se ejecuta y el daño alegado. Por último, la causa de acción debe surgir al amparo de la Constitución o de alguna ley. Lozada Sánchez et al. v. JCA, 184 D.P.R. 898, 917 (2012); Fund. Surfrider y otros v. A.R.Pe., 178 D.P.R. 527, 572 (2010); Col. Peritos Elec. v. A.E.E., 150 D.P.R. 327, 331 (2000); Hernández Torres v. Gobernador, 129 D.P.R. 824, 835-836 (1992). Le corresponde al litigante demostrar que tiene acción legitimada para acudir al foro judicial, esto, en ausencia de alguna disposición legislativa que expresamente le confiera esa cualidad a ciertas personas. *Id*. Véase también: Salas Soler v . Srio. De Agricultura, 102 D.P.R. 716 (1974).

---

[20] Citando a 6A Wright and Miller, Federal Practice and Procedure: Civil 2d Vol. Sec. 1542., págs. 328-329 (1990).

Como ya reseñamos, la Ley Núm. 262-2012 permite que las personas que demuestren tener un interés propietario en la propiedad incautada -incluyendo a una persona que posea un gravamen sobre la propiedad a la fecha de su ocupación o una cesión válida de tal interés propietario- puedan impugnar la acción confiscatoria del Estado presentando una demanda de impugnación, lo que obedece a la necesidad de salvaguardar sus derechos constitucionales. De igual manera, las compañías aseguradoras ya no están sujetas a la prestación de una garantía para incoar tal acción. Ante los antecedentes fácticos de este caso y el nuevo estado de Derecho, no es posible sostener el dictamen del foro apelativo. La Ley Núm. 262-2012 estableció que los cambios allí incorporados aplicarían retroactivamente al 12 de julio de 2011. Al ser así, tenemos que colegir que el actual esquema de derecho le es de aplicación a la peticionaria. Por tanto, resolvemos que Mapfre, aseguradora que expidió una póliza con endoso de confiscación sobre el vehículo confiscado en este caso, puede presentar una acción de impugnación de confiscación. Además, concluimos que no está sujeta a requisito alguno de prestación de garantía para poder continuar ese procedimiento. Asimismo, First Bank, entidad que financió la compra del vehículo de motor, también puede defender el interés legal que tiene sobre esa propiedad. Claro está, esto queda sujeto al trámite dispuesto en la Ley Uniforme de Confiscaciones de 2011,

según enmendada, en cuanto ordena que se celebre una vista sobre legitimación activa.

IV

Por los fundamentos que anteceden, revocamos la sentencia emitida por el Tribunal de Apelaciones. La Ley Uniforme de Confiscaciones de 2011, según enmendada, cuya aplicación es retroactiva al 12 de julio de 2011, le confiere capacidad a la peticionaria para incoar una demanda de impugnación y elimina el requisito de prestación de fianza como condición para que una compañía aseguradora presente ese tipo de acción. Por consiguiente, devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí pautado.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

MAPFRE PRAICO por sí y en representación de First Bank y Julio Rodríguez Rivera

       Peticionario

          v.

Estado Libre Asociado de Puerto Rico y Superintendente de la Policía

       Recurrida

CC-2012-0396    Certiorari

SENTENCIA

En San Juan, Puerto Rico, a 13 de mayo de 2013.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, revocamos la sentencia del Tribunal de Apelaciones y resolvemos que la Ley 262-2012, cuya aplicación es retroactiva al 12 de julio de 2011, le confiere capacidad a la peticionaria para incoar una demanda de impugnación de confiscación y elimina el requisito de prestación de fianza como condición para que una compañía aseguradora presente ese tipo de acción. Asimismo, ordenamos la devolución del expediente de autos al Tribunal de Primera Instancia para la continuación de los procedimientos según lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo